UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SERGIO ANDRES RIVERO
HERNANDEZ,

                Petitioner,

v.

                                      No.  6:26-CV-00050-H

WARDEN, EDEN DETENTION
CENTER,

                Respondent.

## ORDER

Sergio Andres Rivero Hernandez is a native and citizen of Venezuela.  Proceeding pro se, Hernandez filed a 28 U.S.C. § 2241 habeas petition to challenge the legality of his immigration detention at the Eden Detention Center since January 8, 2026, when DHS initiated removal proceedings against him.  Dkt. No. 1.  He asks the Court to order his immediate release and declare that his continued detention is unconstitutional.

Respondent filed a response and relevant records, arguing that the Court should deny the petition because Hernandez fails to demonstrate that his continued detention violates the Constitution or laws of the United States.  Dkt. Nos. 7, 8.  In particular, Respondent argues that, even though Hernandez was present in the United States when ICE detained him, under the binding precedent recently established by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, Hernandez is nevertheless deemed an "applicant for admission" for purposes of Section 1225(a)(1) and, therefore, subject to mandatory detention without bond under Section 1225(b)(2)(A) for the duration of his removal proceedings.  Dkt. No. 7; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  Additionally, Respondent argues that Hernandez's due process claim has no merit.

Hernandez filed a reply, insisting that his continued detention is unlawful because he was previously paroled into the United States and complied with all reporting requirements. Dkt. No. 9. To the extent Hernandez intends to argue that his parole status precludes him from being deemed an "applicant for admission" for purposes of Section 1225(a)(1), his argument fails. Aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *See Diaz Patino v. Villegas*, ___F.Supp.3d___, 2026 WL 673166, at *4 (March 9, 2026) (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020)); *see also* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same manner as that of any other applicant for admission into the United States"); 8 C.F.R. § 1.2 (same). Moreover, the November 27, 2023 DHS "Interim Notice Authorizing Parole" that Hernandez attaches to his reply indicates that his parole automatically terminated on November 27, 2024. Dkt. No. 9 at 7. Hernandez does not argue or plead any facts to show that ICE extended his parole or that his presence in the United States was otherwise lawful when ICE detained him on January 8.

The Court has reviewed the parties' pleadings, relevant records, and applicable law. For the above-stated reasons and those stated in Respondent's response, the Court concludes that Hernandez fails to demonstrate that his continued detention is unlawful and, in turn, fails to demonstrate that he is entitled to any of the relief that he seeks in his petition. Hernandez's petition is therefore denied and dismissed with prejudice.

So ordered.

The Court will enter judgment accordingly.

Dated May ___, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge